NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES DISCENZA, | : | |
| | : | Civil No. 04-5998 (AET) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| THOMAS HILL, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

THOMPSON, U.S.D.J.

### I.  Introduction

This matter comes before the Court on (1) Defendants Thomas Hill and Barbara
Petrilka's motion to dismiss; and (2) Plaintiff, Charles Discenza's motion to amend the
complaint to name the Secretary of the Navy, Donald C. Winter ("Secretary of the Navy").  The
Court has decided these motions based upon the submissions of both parties and without oral
argument pursuant to Fed. R. Civ. P. 78.  For reasons stated below, Defendants' motion to
dismiss is granted and Plaintiff's motion to amend is denied.

### II.  Background

On July 22, 2002, Plaintiff, a former employee of the Department of the Navy, filed a
grievance with the Equal Employment Opportunity Commission ("EEOC") alleging he was
wrongfully denied two promotions based on his race, disabled veteran's status, gender and union
activities.  The EEOC denied Plaintiff's claim and, on September 15, 2004, sent him a "right to

sue" letter informing him of the procedures for filing a complaint in District Court if he wished

to pursue his grievance.  The letter informed Plaintiff:

> [Y]ou must name as the defendant in the complaint the person who is
> the official agency head or department head, identifying that person by
> his or her full name and official title. Failure to do so may result in
> dismissal of your case in court. 'Agency' or 'department' means the
> national organization, and not the local office, facility or department in
> which you work.

(See Pl.'s Reply Ex. 2).

The parties to the grievance were identified at the top of the EEOC letter as "Charles

Discenza, Complainant v. Gordon R. England, Secretary, Department of the Navy, Agency."

(Id.).  Plaintiff timely filed the instant complaint and application to proceed in forma pauperis

("IFP"), naming Thomas Hill and Barbara Petrilka, his local supervisors as Defendants.  The

Plaintiff alleges that Defendants (1) failed to promote him in violation of 38 U.S.C. § 4314,

which requires the government to have a disabled veteran affirmative action plan, and (2)

discriminated against him because of his sex, veteran's status, union activities and his filing of

workplace grievances in violation of Title VII.  On July 19, 2005, the Court granted Plaintiff's

IFP application and the complaint was filed on July 21, 2005.  On February 9, 2006, Plaintiff

filed a document which the Court construes as a motion to amend his complaint.  In that

document, Plaintiff requested that Donald C. Winter, the Secretary of the Navy, be named as an

additional defendant.  Defendants' motion to dismiss followed.

### III.  Discussion

#### A. Claims Against Defendants Hill and Petrilka

The Court will dismiss Plaintiff's Title VII claims against Defendants.  The Court cannot

exercise jurisdiction over Defendants under Title VII because the Act does not allow suits against

2

government workers in their individual capacities.  <u>See, e.g.</u>, <u>Charlton v. Blue Cross & Blue Shield of Del., Inc.</u>, No. 99-34-GMS, 2001 WL 694533, at *2 n.5 (D. Del. June 20, 2001) (stating "it is clear that Title VII does not allow plaintiffs to file suit against individuals") (citing <u>Sheridan v. E.I. DuPont de Nemours & Co.</u>, 100 F.3d 1061, 1077-78 (3d Cir. 1997)).

Plaintiff's "Disabled Veterans Affirmative Action Program, Title 38 U.S.C." claims are likewise dismissed.  (<u>See</u> Pl.'s Compl.).  Plaintiff's citation to "Section 4214, Title 38, U.S.C." as a cause of action against Defendants is misplaced for the same reasons as the Title VII claims: "no private cause of action exists" under section 4214 because the government has not waived sovereign immunity.  <u>Anatol v. Perry</u>, 82 F.3d 1291, 1297-98 (3d Cir. 1996).

B. <u>Attempted Claims Against the Secretary of the Navy</u>

The Court denies Plaintiff's motion to amend his complaint to name the Secretary of the Navy.  The attempted suit against the Secretary of the Navy is controlled entirely by Fed. R. Civ. P. 15, which addresses Plaintiff's ability to file an amended complaint that relates back to the filing date of the original complaint.  A federal employee seeking to sue the government after having his grievance denied by the EEOC must file his complaint within ninety days of receipt of the "right to sue" letter, naming the head of the agency as a defendant.  42 U.S.C. 2000e-16(c). Plaintiff failed to do so.

This error could have been corrected if Plaintiff properly amended his complaint, and notice was given to the Secretary of the Navy within 120 days of the original complaint, as required by Rule 15(c)(3).  Because Plaintiff was granted IFP status, it was the responsibility of the officers of the Court to serve process for Plaintiff. <u>See, e.g.</u>, <u>Abel v. Harp</u>, 122 Fed. App'x 248, 251 (6th Cir. 2005) ("[R]ule 4(c)(2), dovetails with § 1915(c) by providing that the court

must appoint a United States Marshal to serve plaintiff's process 'when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.'").  Apparently, this did not occur as Defendants claim that they did not receive notice until March 13, 2006, in response to Plaintiff's motion to amend.  (See Defs.' Mot. to Dismiss at 21).

The potential oversight by the officers of the Court does not, however, affect the outcome of the case.  Plaintiff did not attempt to amend his complaint to name the proper defendant– the Secretary of the Navy– until February 9, 2006, 220 days after his complaint was filed.  This was well after the 120 days prescribed by Rule 15(c)(3).  Even if process had been served upon the Secretary of the Navy on the very day Plaintiff moved to amend, it would still have been over 100 days past the time when notice was required by Rule15(c)(3).

The fact that the EEOC "right to sue" letter expressly instructed Plaintiff to name the Secretary of the Navy further militates against allowing the amended complaint to relate back.  The EEOC provided the name and position of the proper defendant at the top of the "right to sue" letter, which also stated "[f]ailure to [name the Agency head in the complaint] may result in dismissal of your case in court. 'Agency' or 'department' means the national organization, and not the local office, facility or department in which you work." (See Pl.'s Reply Ex. 2).  Relation back of an amendment is inappropriate when, as here, a plaintiff was informed of the proper defendant and yet still failed to name that person.  See, e.g., Ish Yerushalayim v. United States, 374 F.3d 89, 92 (2d Cir. 2004) (stating "[a] plaintiff is not considered to have made ⋯ a 'mistake' ⋯ if the plaintiff knew that he was required to name an individual as a defendant but did not do so") (quoting Malesko v. Corr. Servs. Corp., 229 F.3d 374, 383 (2d Cir. 2000), rev'd on other grounds, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001)); Soto v. U.S. Postal

4

<u>Service</u>, 905 F.2d 537, 539 (1st Cir. 1990) (affirming the dismissal of a plaintiff's Title VII claim for failing to name the proper defendant, when the proper defendant was clearly identified in the EEOC's right to sue letter).  Therefore, Plaintiff's motion to amend is denied.

V.  <u>Conclusion</u>

For the reasons given above, and for good cause shown,

It is on this 6th day of September 2006,

**ORDERED** that Defendants' Motion to Dismiss [8] is **GRANTED.**

**ORDERED** that Plaintiff's Motion to Amend [6] is **DENIED** and

**ORDERED** that Plaintiff's claims against the Secretary of the Navy, Donald C. Winter are **DISMISSED**.

s/Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.